GERRISH *v.* GERRISH *and Trustees*, AND BANKS, *Claimants*.

COFFIN *v.* SAME.

A mortgagee, by receiving a second mortgage with covenants of warranty, and making no mention of the first mortgage to indemnify him as surety to certain creditors of the mortgagor, is not thereby estopped to enforce the prior mortgage as against any equitable claims of the creditors to the benefit of the security of the second mortgage.

FOREIGN ATTACHMENT. The defendant is Stephen Gerrish, and the trustees are the Franklin Savings Bank and Leonard Gerrish. The Citizens' National Bank of Tilton and the Iona Savings Bank were admitted to appear as subsequent attaching creditors, and as claimants of the funds in the hands of the trustees.

The trustees' depositions were filed. From them, and from other evidence, it appears that October 26, 1881, Stephen Gerrish was indebted to the Franklin Savings Bank in the sum of $1,971.80, and the bank held by indorsement and written pledge and deposit, as collateral security for this indebtedness, a promissory note of $2,000, dated June 16, 1866, payable to Stephen Gerrish or order, and signed by Leonard Gerrish, secured by a mortgage of Leonard Gerrish's homestead farm of the same date. The note and mortgage were pledged to the bank as collateral security by Stephen, October 2, 1877, and at the date of the trustees' depositions, October 26, 1881, there was due on this note $3,305.86. The note given by Stephen to the bank, at the time of the deposit of the collateral security, contains this clause: "I hereby deposit with said bank as collateral security, with authority to sell the same on the non-payment of this promise or any other liability, and apply the proceeds to the payment thereof." April 14, 1881, all the interest of Leonard Gerrish in the land included in his mortgage to Stephen was attached on writs in favor of the Citizens' National Bank and the Iona Savings Bank against Leonard Gerrish. Judgment was obtained in these suits, and on an execution in favor of the Citizens' National Bank, all of Leonard Gerrish's right in equity to redeem the land was sold February 4, 1882, the Citizens' National Bank and the Iona Savings Bank being the purchasers.

This action was commenced April 21, 1881, and service was made on the trustees April 23, 1881. June 17, 1880, Leonard Gerrish made and executed a second mortgage of the same land to Stephen Gerrish, to indemnify him for signing as surety (1) a note of Leonard's, dated March 27, 1879, for $1,500, payable to the Citizens' National Bank of Tilton; (2) a note of $1,075, dated April 7, 1877, signed by Leonard, payable to Stephen, and by him indorsed to the same bank, Stephen being liable as indorser; (3) a note of $400, dated February or March, 1880, payable to

Stephen, and by him indorsed to the bank; (4) to secure the payment of a note of $1,500 of the same date as the mortgage, signed by Leonard and payable to Stephen. It appeared from evidence, excepted to by the plaintiff, that the last-mentioned note was given to Stephen to indemnify him for signing as surety or indorser other notes of Leonard's, the items of which could not at the time be recalled, and it did not appear that there was any other consideration for the note. The first two notes mentioned in this mortgage, together with another note of Leonard's on which Stephen was liable as surety, have been sued by the Citizens' Bank, and are in judgment. On this judgment there is due $342.04. The $400 note mentioned in this mortgage was owned by the Iona Savings Bank, and, with two other notes for $450 and $233.50 respectively, and upon each of which Stephen was liable as indorser, has been sued by said savings-bank, and is in judgment, amounting to $1,277.13, no part of which has been paid. There is also due to the Iona Savings Bank, upon a judgment on a note of Leonard's, on which Stephen was surety, $437. April 23, 1881, Stephen Gerrish assigned the mortgage of June 17, 1880, to the plaintiff in the first suit, with the $1,500 note last described therein, which he indorsed and delivered to her to hold as collateral security for his indebtedness to her, and she now holds it, and claims to hold it to the extent that the notes described in the mortgage have been paid from Stephen's property.

The plaintiffs claim that the trustees should be charged, and that a receiver should be appointed with directions to collect the note held by the Franklin Savings Bank by a sale of the land mortgaged to secure it, and with the proceeds satisfy the claims of that bank for which the note was held as collateral security, and pay any balance to the plaintiffs in these actions to the extent of any judgments they may recover.

The claimants object to the appointment of a receiver, and deny the liability to the plaintiffs of the trustees on the facts here stated, and claim that by virtue of the levy upon and sale of the right in equity to redeem the land they have the right to an assignment of the mortgage and note on payment to the Franklin Savings Bank of the amount of their claims, for the security of which the note and mortgage may be held. They also claim the benefit of the mortgage of Leonard to Stephen, of June 17, 1880, it being a security of Stephen's for his liability on notes to or held by both claimants, and that the mortgage operated as an assignment of all the estate included in it, for the payment of those notes, subject to the previously acquired rights of the Franklin Savings Bank.

*Barnard & Barnard*, for the plaintiffs.

*Pike & Parsons*, for the claimants.

*Trustees*, *pro se.*

CLARK, J.   The trustees are chargeable for the amount due on the note of $2,000 dated June 16, 1866, less the amount of the claim of the Franklin Savings Bank.   The claims of the Citizens' National Bank of Tilton and of the Iona Savings Bank to the funds in the hands of the trustees, based upon the attachments made April 14, 1881, and the subsequent levy upon the equity of redemption of Leonard Gerrish, and upon the equitable lien created by the mortgage of Leonard Gerrish to Stephen Gerrish, dated June 17, 1880, cannot be maintained.   Neither the attachment and levy upon the equity of redemption, nor the mortgage of June 17, 1880, affected the validity of the note and mortgage of June 16, 1866, or gave the claimants any right, title, or interest therein.   By the purchase of the equity of redemption of Leonard Gerrish, the mortgagor, no title to the mortgage or mortgage debt was acquired against Stephen Gerrish, the mortgagee, but merely the right of redeeming the mortgaged premises by the payment of the mortgage note to the party entitled to receive payment of it.

Upon the principle that a creditor is entitled to the benefit of any security given to a surety by way of indemnity, the claimants are entitled to the benefit of the second mortgage, made June 17, 1880, by Leonard Gerrish to Stephen Gerrish, to indemnify Stephen as surety for Leonard on notes held by the claimants. But, assuming that this mortgage operated to create an equitable lien in favor of the claimants, it was subject to the then existing mortgage made by Leonard to Stephen to secure the note of $2,000 dated June 16, 1866, which is now held by the Franklin Savings Bank as collateral security for Stephen's indebtedness to the bank.   The fact that the mortgage of June 17, 1880, purports to convey the whole farm, and is not in terms made subject to the subsisting mortgage, does not give it priority over the mortgage of June 16, 1866.   It is contended that Stephen Gerrish, by accepting the second mortgage containing no reference to any existing incumbrance, waived his claim under his first mortgage, and is estopped to enforce it against the claimants; but no fraud or concealment is shown, and none of the elements of estoppel by conduct appear in the case.   The claimants were not misled or induced to change their position, and they had constructive if not actual notice of the existence of the first mortgage.   No legal or equitable ground occurs to us on which it can be held that the acceptance of the second mortgage was a waiver of the security of the first by Stephen Gerrish; and hence the claimants fail to establish any title to the $2,000 note and mortgage attached by the plaintiffs in the hands of the trustees.

The trustees should be charged, and if necessary a receiver should be appointed.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.